# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

KEVIN LEROY GREEN,       )
                             )
     Movant,            )
                             )
v.                        )    Case No.    CV408-193
                             )                  CR407-042
                             )
UNITED STATES OF AMERICA, )
                             )
     Respondent.      )

## REPORT AND RECOMMENDATION

Kevin Green moves for 28 U.S.C. § 2255 relief over the government's opposition. (Doc. 1.)[1] For the following reasons, his motion should be **DENIED**.

## I. BACKGROUND

Green was sentenced to 262 months' imprisonment after a jury found him guilty of possessing a firearm while as convicted felon and armed career criminal. (Cr. docs. 1, 65, & 70.) After unsuccessfully appealing his conviction, *United States v. Green*, 275 F. App'x 898 (11th

---

[1] "Doc." citations are to the docket in movant's civil case, CV408-193. "Cr. doc." refers to documents filed under movant's criminal case, CR407-042.

Cir. 2008) (per curiam), Green filed the present § 2255 motion asserting

four grounds for relief:

(1)     counsel was ineffective at his motion to suppress and trial due
         to inexperience in federal criminal law;

(2)     his due process rights and right to a fair trial were violated by
         the government's failure to turn over certain exculpatory
         information and documents prior to trial;

(3)     counsel at sentencing was ineffective for failing to object to an
         armed career criminal sentencing enhancement under
         U.S.S.G. § 4B1.4(b)(3)(A); and

(4)     counsel was ineffective on appeal by failing to raise the issues
         described above.

(Doc. 1 at 9.)

## II.  ANALYSIS

All but Green's second ground for § 2255 relief directly raise claims

of ineffective assistance of counsel.   Ground 2, however, asserts a due

process claim arising under *Brady v. Maryland*, 373 U.S. 83 (1963).   That

claim was not raised on direct appeal and is therefore procedurally

defaulted.[2]  *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004);

---

[2] Although Green's ineffective assistance of counsel claims were not raised on
appeal, they are not procedurally barred.   Because of the unique aspect of such claims,
an ineffective assistance of counsel claim may be brought in a collateral proceeding
under § 2255 whether or not the movant could have raised it on direct appeal.

*see United States v. Frady*, 456 U.S. 152, 167 (1982). Consequently, it is barred from collateral review unless Green can establish either cause for not raising the claim on direct appeal and actual prejudice from the alleged error, or a fundamental miscarriage of justice arising from the conviction of a defendant who is actually innocent. *Lynn*, 365 F.3d at 1234 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Green has not specifically alleged cause and prejudice or actual innocence as grounds for excusing the default, but in ground 4 he raises an independent claim of ineffective assistance of appellate counsel regarding counsel's failure to raise *each* of his present claims before the Eleventh Circuit (including his Ground 2 due process claim). (Doc. 1 at 9.) Thus, while ground 2 is procedurally defaulted, it must also be reviewed under the ineffective assistance of counsel framework.

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether counsel's assistance was constitutionally ineffective. First, the movant must demonstrate that his attorney's performance was deficient, which

---

*Massaro v. United States*, 538 U.S. 500, 504 (2003).

requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* Second, he must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.*

Under the performance prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id.* at 690. The movant carries a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the [movant] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. Indeed, the movant must show that "'no competent counsel would have taken the action that his counsel did take.'" *Ford v. Hall*, 546 F.3d 1326, 1333 (11th Cir. 2008) (quoting *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)).

Under the prejudice prong, the movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986); *Strickland*, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *see also Lightbourne v. Dugger*, 829 F.2d 1012, 1022 (11th Cir. 1987); *Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1983).

The same *Strickland* test applies to claims of ineffective assistance of appellate counsel. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Smith v. Murray*, 477 U.S. 527, 535-36 (1986). In *Jones v. Barnes*, 463 U.S. 745 (1983), however, the Supreme Court held that the Sixth Amendment does not require appellate advocates to raise every nonfrivolous issue. Effective appellate counsel should "'winnow out' weaker arguments even though the weaker arguments may be meritorious." *Id.* at 751-52. Appellate counsel has no duty to assert every potentially colorable claim of error, even if his client urges him to do so, but instead should exercise his

professional judgment and select only "the most promising issues for review." *Id.*

Bearing this standard in mind, the Court will review each of Green's claims.

### A.    Counsel's Inexperience

Green first contends that his appointed attorney, Scot Pool, "did not have the federal criminal trial experience necessary to defend [him] in his legal proceedings."   (Doc. 1 at 5.)   In support of his assertion, he heavily relies upon an exchange between counsel and this Court at a suppression hearing:

> THE COURT:    Mr. Pool, you filed a number of motions. . . . We can address your other motions but, really, what you have filed and termed a motion to suppress seems to me to be more in line with what in civil practice would be a motion for summary judgment; that your core contention is that the evidence that the government has acquired against your client is simply insufficient to establish guilt; that there is a weakness to the government's case that is apparent on the pleadings; and that the government will have — the case shouldn't go to a jury, we shouldn't hold a trial because what the government has disclosed to you shows that they cannot establish the guilt of your client by proof beyond a reasonable doubt. That is your argument; is it not?

MR. POOL:     I may have mis-phrased it, Judge. What I intended to argue, and what I tried to argue — and I'm having to go on the evidence that had been produced — is, this was a Garden City arrest, and one problem for me in the discovery has been, it's unclear the circumstances of the arrest, and it's unclear what the facts of probable cause for the arresting Garden City officer were. And what I, in my amended motion, tried to say is, I don't see a connecting nexus between the gun taken. I don't see enough to be confident it was a legal arrest, and if it's an illegal arrest, then the fruits of that arrest, like the gun found by the officer, should be suppressed. And that's what I intended. Essentially a —

THE COURT:   Well, these kind of vague motions on your part are interesting, but they don't merit a hearing. And here's why: the cases have said very clearly again and again in this circuit, and I'm sure in other circuits, that in order to get a suppression hearing you must first state facts that, if proved and decided in your favor, the favor of your client, would result in suppression of the evidence. I've read your motion backwards and forwards, and I haven't seen any assertion of facts that, if decided in your favor, would warrant suppression of evidence.

(Cr. doc. 75 at 2-3.)

Green contends that counsel's "filing of a motion for summary judgment, when[] his intentions were to file a motion to suppress, shows

that [he] was inexperienced and non-practice [sic] of criminal law, and has fallen below [the] minimum standard need[ed] for effective assistance of counsel."[3]   (Doc. 1 at 13.)   He also cites to three other places in the record where counsel made technical errors which were corrected by the trial judge.   (Cr. doc. 75 at 82, 88, and 142.)

The government counters that Pool's relative inexperience in federal criminal trials is not conclusive on the issue of attorney effectiveness.[4]   (Doc. 3 at 11.)   It cites to *United States v. Cronic*, 466 U.S. 648, 665 (1984), which rejected a presumption of ineffectiveness where defendant was represented by a young attorney in his first jury trial.   *See Chandler v. United States*, 218 F.3d 1305, 1316 n.18 (11th Cir.

---

[3] Green also states that there were many other errors but citation to every error would be redundant.   (Doc. 1 at 14.)   In essence, he invites the Court to search the record for other examples supporting his claim.   The government correctly asserts that such a general and conclusory claim fails as a matter of law.   *See Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001) (citing *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991)); *see also United States v. Laetividal-Gonzalez*, 939 F.2d 1455, 1465 (11th Cir. 1991) (no hearing required where movant's allegations fail to satisfy the prejudice prong of the *Strickland* test); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations"); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations).

[4] While Mr. Pool primarily practices civil law, he has been appointed in several federal criminal prosecutions and has handled those cases ably.   *See United States v. Wilks*, No. CV404-311 (S.D. Ga. Apr. 11, 2005); *United States v. Green-Russell*, No. CV401-171 (S.D. Ga. Nov. 19, 2001).

2000). Moreover, it points to Green's failure to make any showing of prejudicial error. (Doc. 3 at 12-13.) That is, Green has not particularized his prejudice showing because he "does not state in his motion what items of evidence in his case he believes were subject to suppression."[5] (*Id.* at 13.) In Green's reply brief, he states that he was prejudiced because Pool "fail[ed] to raise meritorious issues . . . [and] fil[ed] a motion for summary judgment for a motion to suppress." (Doc. 4 at 3.) In other words, he contends that there should be a presumption of prejudice based upon counsel's inexperience and trial and suppression-motion errors.

Green's tautological contention (i.e., that he was prejudiced because counsel's inexperience was prejudicial) lacks merit. A § 2255 movant "must identify specific errors or omissions allegedly committed by counsel . . . ., establish that those errors or omissions were professionally

---

[5] Green overlooks the obvious point that while a *pretrial* motion challenging the sufficiency of the government's evidence was bound to fail, that does not translate into finding that counsel neglected to file a meritorious suppression motion. Green has not pointed to any grounds (overlooked by counsel) that warranted the suppression of evidence in this case. He therefore has not established that counsel's failure to file such a suppression motion was deficient performance or prejudiced him in any way. Nor has he shown that counsel's filing of what was, in essence, a summary judgment motion harmed the defense. That such motions are not contemplated under criminal practice does not mean that filing such a motion results in any prejudice.

unreasonable, *and* [establish] that the identified errors or omissions *resulted in actual harm* to the defense in the sense that there exists a reasonable probability that the outcome of the proceeding would have been different had the errors not occurred." *Waldrop v. Thigpen*, 857 F. Supp. 872, 906 (N.D. Ala. 1994) (emphasis added). Here, Green has not alleged any facts showing that his counsel's relative inexperience actually prejudiced his case and instead relies upon the Court to ferret out the impact of counsel's missteps. His conclusory allegations of prejudice are insufficient to warrant § 2255 relief. *Laetividal-Gonzalez*, 939 F.2d at 1465 (no hearing required where movant's allegations fail to satisfy the prejudice prong of the *Strickland* test); *see also Caderno*, 256 F.3d at 1217; *Tejada*, 941 F.2d at 1559. Moreover, he has not shown how counsel's inexperience prejudiced him on appeal. Consequently, ground 1 and ground 4, to the extent it incorporates ground 1, do not warrant relief.

## B. *Brady* Violation

Green next contends that the government violated its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to hand over a recording until just prior to trial. (Doc. 1 at 16; doc. 4 at 7.) Specifically,

he contends that the government failed to turn over a patrol car video recording until the eve of trial and then used that evidence against him.[6] (Doc. 1 at 17-18.)

The government asserts that Green already raised the claim before the trial and appellate courts and it was decided adversely to him. (Doc. 3 at 16.) Relying upon *United States v. Nyhuis* ("*Nyhuis II*"), 211 F.3d 1340, 1343 (11th Cir. 2000), the government contends that the claim cannot be "repackaged" and reasserted as a *Brady* claim. The Court is not convinced, however.

Nyhuis alleged on direct appeal that the government violated an earlier plea agreement by using testimony that he gave pursuant to an offer of immunity. *United States v. Nyhuis* ("*Nyhuis I*"), 8 F.3d 731, 740-41 (11th Cir. 1993). The *Nyhuis I* court held that the government did not, in fact, violate the terms of the plea agreement. *Id.* at 742. In *Nyhuis II*, the defendant claimed on collateral attack that he was denied due process based upon the same alleged plea agreement violation.

---

[6] Initially, he described the item as an audiotape. (Doc. 1 at 9.) In its response, the government stated that the only late-disclosed recording was a videotape. (Doc. 3 at 16 n.5.) In Green's reply to the government's response, he acknowledges that it was a video recording rather than an audiotape. (Doc. 4 at 9.)

*Nyhuis II*, 211 F.3d at 1343. That is, Nyhuis claimed for the second time, using a different legal theory, that the original plea agreement was violated and that violation prejudiced his defense. The *Nyhuis II* court found that Nyhuis had simply repackaged his prior immunity claim as a due process claim and that such repackaged claims do "not merit rehearing on a different, but previously available, legal theory." *Id.*

Here, on the other hand, Green originally contended that the videotape, as newly discovered evidence, entitled him to a new trial. (Cr. doc. 67 at 2-3); *Green*, 275 F. App'x at 900. The Eleventh Circuit summarily dismissed the claim, holding that it was produced prior to trial and was thus "not newly discovered." *Green*, 275 F. App'x at 900. A *Brady* claim, unlike a motion for new trial based upon newly discovered evidence, requires proof that: (1) the prosecution possessed evidence favorable to defendant, because it was either exculpatory or impeaching, yet did not disclose it to the defense; or (2) the prosecution suppressed evidence such that the defense did not otherwise possess evidence and could not reasonably have obtained it; and (3) the evidence was material and its absence yielded prejudice. *Gary v. Hall*, 558 F.3d 1229, 1255

(11th Cir. 2009). A *Brady* claim requires different proof from a motion for new trial based on newly discovered evidence — the "newness" of the evidence is not directly material to such a claim. Since the claims require different proof, the Court is not prepared to dismiss the claim out of hand under *Nyhuis II*. *See Lehrman v. Gulf Oil Corp.*, 500 F.2d 659, 663 (5th Cir. 1974) ("[T]he [law of the case] doctrine does not include all questions which were present in a case and which might have been decided but were not. As a general rule if the issues were decided, either *expressly* or *by necessary implication*, those determinations of law will be binding on remand and on a subsequent appeal." (emphasis added)); *see also Thomas v. United States*, ___ F.3d ___, 2009 WL 1856048 at *3 (11th Cir. June 30, 2009) (recognizing that the rule laid out in *Nyhuis II* is analogous to the law of the case doctrine).

Nevertheless, since the claim was not raised on appeal, it is still procedurally defaulted.[7] *Lynn*, 365 F.3d at 1234. The Court therefore

---

[7] While procedural default is an affirmative defense that the government may waive by failing to raise, 3 CHARLES ALAN WRIGHT, NANCY J. KING & SUSAN R. KLEIN, FEDERAL PRACTICE AND PROCEDURE § 596.1 (3d ed. 2004), courts are generally free to raise the issue sua sponte. *See Yeats v. Angelone*, 166 F.3d 255, 262 (4th Cir. 1999) (collecting cases from the First, Second, Third, Fifth, Seventh, Ninth, Tenth, and Eleventh Circuits holding that a court may raise a procedural default in the habeas

limits its review of the claim to Green's independent contention that counsel was ineffective for failing to raise it on appeal (ground 4). (Doc. 1 at 16.)

Green admits that counsel raised the issue prior to trial. (Doc. 4 at 9.) Pool filed a *Brady* motion requesting production of all videotapes pertinent to the charged conduct. (Cr. doc. 13.) Any problems with late disclosure originated with the prosecution team, not Pool.[8] Nevertheless, Pool may have performed deficiently by failing to pursue the issue on appeal. Even assuming that to be true, however, Green has not shown how the failure to raise such a claim was prejudicial. That is, there is no indication anywhere in the record that raising such a claim would make it reasonably probable that the case would have turned out differently. Pool, in fact, actually introduced the tape at trial as defendant's exhibit 1 and used it to impeach a government witness. (Cr. doc. 75 at 55-57.)

---

context sua sponte). Even assuming the claim is not defaulted, however, it still lacks merit, as discussed in text, *infra*.

[8] In certain cases, late disclosure of evidence, as opposed to total failure to disclose, may give rise to a *Brady* violation. *See, e.g.*, *United States v. Rodriguez*, 496 F.3d 221, 226 (2d Cir. 2007).

Green once again avers that the late production is, in and of itself, prejudicial. (Doc. 4 at 10.) Such a contention, however, is insufficient to warrant relief.[9] Moreover, even assuming review of the claim on the merits was appropriate, the claim still fails. Green's failure to particularize any resulting prejudice from the alleged *Brady* violation directly undercuts his *Brady* claim as well as his claim of ineffective assistance on appeal.[10] *See Gary*, 558 F.3d at 1255.

## C. Failure to Object to Sentencing Enhancement

Green next claims that his counsel was deficient at sentencing and on appeal (ground 3 and a portion of ground 4) for failing to object to a U.S.S.G. § 4B1.4(b)(3)(A) sentencing enhancement based upon his

---

[9] It is well established that "constitutionally '[i]neffective assistance of counsel . . . is cause" for excusing a procedural default. *McCleskey v. Zant*, 499 U.S. 467, 494 (1991) (citations omitted). Since Green has not shown that any error by counsel resulted in prejudice to his case, his procedural default cannot be excused on that ground.

[10] Courts use a similar standard to that applied in ineffectiveness claims in determining whether failure to disclose relevant and material evidence was prejudicial. *See United States v. Rafferty*, 296 F. App'x 788, 795-96 (11th Cir. 2008) (government's suppression of allegedly exculpatory *Brady* evidence of interview with third-party bank account holder, explaining that most funds passing through account benefitted someone besides defendant, did not deprive him of due process at his trial for conspiracy to commit securities fraud, conspiracy to commit mail fraud and wire fraud, and two counts of wire fraud by diverting investors' funds, since there was no real probability of different outcome of trial if evidence had been admitted in defendant's favor, due to remaining witnesses and other evidence before jury to support defendant's fraudulent funneling of funds to other accounts).

possession of the firearm underlying his conviction in connection with a crime of violence. (Doc. 1 at 21.) He states that had counsel objected to the "flimsy" evidence supporting the enhancement, "the government would have been required to prove beyond a reasonable doubt and clear and convincing evidence, that petitioner possessed a firearm in connection with a crime of violence." (*Id.*) In order to address this claim, it is necessary to briefly step through the facts leading to Green's federal prosecution.

Green was arrested by Garden City, Georgia police officers after they were called about a man brandishing a firearm. (Presentence Investigation Report ("PSI") ¶ 6.) Green had called his ex-girlfriend earlier in the evening, stated that he wanted her and her boyfriend to come outside to talk, and threatened to "shoot up" their house if they did not do so. (Cr. doc. 75 at 72.) When he arrived at the house, Green opened the door and pointed a pistol at his ex, her boyfriend, and two children (one of whom was his own daughter). (*Id.* at 72-73; PSI ¶ 6.) Green's ex-girlfriend called her mother, who notified the police. (Cr. doc. 75 at 75-76.) A short while later, he was approached by a police officer.

Green discarded the pistol underlying his conviction while walking away from the officer; the officer found the firearm and arrested Green. (*Id.* at 22; PSI ¶ 4.)

The district judge sentenced Green under U.S.S.G. § 4B1.4(b)(3)(A), which sets the offense level for armed career offenders at 34 "if the defendant used or possessed the firearm or ammunition in connection with . . . a crime of violence" and assigns them the maximum criminal history category. *Id.*; (cr. doc. 76 at 5-8 (Sentencing Tr.)). Green contends that his counsel was inadequate for failing to object to the evidence supporting the sentencing enhancement as insufficient as a matter of law. (Doc. 1 at 23.) Specifically, Green contends that the district judge improperly applied the preponderance of the evidence standard rather than the clear and convincing evidence standard.

He relies upon *United States v. Kikumura*, 918 F.2d 1084 (3d Cir. 1990), which held that a 22-level offense level increase required clear and convincing evidence of the facts underlying the sentencing enhancement, rather than a mere preponderance. *Id.* at 1100-1101. Green's argument is misplaced for several reasons. First, *Kikumura*'s

application of the clear and convincing evidence standard was abrogated in *United States v. Fisher*, 502 F.3d 293, 307 (3d Cir. 2007) (finding that *Kikumura*'s reasoning was no longer persuasive in a post-*Booker* non-mandatory-sentencing world). Second, even if *Kikumura* was still good law, it is not binding on this Court. The Eleventh Circuit has held repeatedly that a district judge need only find relevant sentencing facts based upon the preponderance of the evidence standard:

> This court has held that "§ 4B1.4(b)(3)(A) applies even if the defendant was not actually convicted of the crime of violence in connection with which he possessed the firearm. Instead, the government need only prove that a crime of violence was committed in connection with the firearm possession, and that proof can be by a preponderance of the evidence."

*United States v. Smiley*, 263 F. App'x 765, 770 (11th Cir. 2008) (quoting *United States v. Mellerson*, 145 F.3d 1255, 1258 (11th Cir. 1998)); *United States v. Rodriguez*, 398 F.3d 1291, 1296 (11th Cir. 2005). Finally, the application of § 4B1.4(b)(3)(A) only resulted in a 6-point enhancement, as opposed to the 22-point enhancement in *Kikumura*, so the sentencing in

this case was not an extreme "tail which wags the dog" sentencing scenario.[11]   (PSI at 6.)

In any event, "'the preponderance standard is not toothless.   It is the district court's duty to ensure that the Government carries this burden by presenting reliable and specific evidence.'" *United States v. Wynn*, 257 F. App'x 160, 161-62 (11th Cir. 2007) (quoting *United States v. Bernardine*, 73 F.3d 1078, 1080 (11th Cir. 1996)).   Here, the government offered reliable and specific testimony that the district judge found credible.   The Court is satisfied that the government carried its burden of demonstrating by a preponderance of the evidence that Green, an armed

---

[11] Green suggests that threatening to "shoot up" his ex's home and then pointing a firearm at the occupants of that home would not be considered a "crime of violence" under the sentencing guidelines.   (Doc. 4 at 11-12.)   He is mistaken.   A crime of violence is defined as any offense under federal or state law that "has as an element the use, attempted use, or threatened use of physical force against the person of another."   U.S.S.G. § 4B1.2(a)(1).   Aggravated assault, as defined by Georgia law, includes such an element.   O.C.G.A. § 16-5-21(a) ("A person commits the offense of aggravated assault when he or she [places another in reasonable apprehension of immediately receiving a violent injury] . . . [w]ith a deadly weapon. . . ."); *see United States v. Young*, 527 F.3d 1274, 1277 (11th Cir. 2008) ("crimes of violence include aggravated assault").

Green also contends that he never actually pointed the gun directly at anybody. (Doc. 4 at 13.)   Aiming the firearm is not an element of the offense.   Green's act of waiving his firearm around his ex's living room, prompting her to run to shut the door and her boyfriend to immediately move to protect the children, qualifies as an aggravated assault under the statute.   *See Richardson v. State*, 261 Ga. App. 55, 55 (2003) (if a victim is in reasonable apprehension of an immediate violent injury from a weapon, an aggravated assault has occurred).

career criminal, committed an aggravated assault. Thus, counsel had no reason to object to the sufficiency of the evidence supporting the sentencing enhancement at sentencing or on appeal; even if he had, it is not reasonably probable that Green's sentencing outcome would have changed.

## D.     Ineffectiveness on Appeal

In Green's final enumeration of error, he contends that his counsel's representation on appeal deprived him of effective assistance of counsel and due process of law by failing to raise meritorious issues. (Doc. 1 at 25.) The Court has already determined that counsel did not perform deficiently on appeal for failure to pursue the issues raised above. That leaves counsel's failure to pursue any other allegedly "meritorious issues." As explained earlier, such conclusory allegations are insufficient to warrant habeas relief. *Caderno*, 256 F.3d at 1217; *Tejada*, 941 F.2d at 1559. Accordingly, to the extent this ground for relief has not already been addressed, it should be denied as meritless.

## III. CONCLUSION

For all of the reasons explained above, Green's § 2255 motion (doc. 1) should be **DENIED** and this case should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this  23rd  day of September, 2009.

 /s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**